UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

CHRISTOPHER HALL,

        Petitioner,

v.

STEPHEN D'ILIO, ET AL.,

        Respondents.

Civil Action No. 14-0069(SRC)

**MEMORANDUUM AND ORDER**

This matter comes before the Court upon Petitioner's filing of a motion to reopen this matter and reconsider the Court's order denying the petition for writ of habeas corpus, after a notice of appeal was filed. (ECF No. 16). Petitioner contends Respondents failed to serve him with a copy of the attachments in support of the Answer, and the Answer itself, filed in this Court on October 28 and 29, 2014, respectively. (ECF Nos. 11, 12.) Therefore, Petitioner asserts he did not have an opportunity to file a traverse prior to the Court's entry of an opinion and order dismissing the petition. (ECF No. 16.)

Respondents submitted to this Court, on October 28, 2014, a cover letter with the the exhibits to Respondents' Answer. (ECF No. 11.) The cover letter indicates that a copy of the letter, and presumably the attachments to it, were sent to Petitioner at New Jersey State Prison, P.O. Box 861, Trenton, N.J. (ECF No.

11.) This cover letter also stated "[o]nce the District Court Docket Entry numbers are assigned, those numbers will be incorporated as necessary within respondents' answer." (Id.) Respondents filed their Answer the next day without any indication that it was served on Petitioner. (ECF No. 12.)

Federal Rule of Civil Procedure 60(b)(1) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .

The Court construes Petitioner's motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1), due to mistake.[1] The alleged mistake was addressing the merits of

---

[1] In Venen v. Sweet, 758 F.2d 117, 123 (3d Cir. 1985), the Third Circuit Court of Appeals approved the following procedure for dealing with motions brought in the district court after an appeal has been filed:

> When an appellant in a civil case wishes to make a [Rule 60(b)] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....

the habeas petition without the benefit of Petitioner's traverse to Respondents' answer.

A habeas petitioner is not entitled to file a traverse. See Brown v. Sherrer, Civil No. 03-1912(RBK), 2006 WL 1281392, at *4 (quoting Advisory Committee Notes, Rule 5, Rules Governing Section 2254 Cases) ("[a traverse]is not required except in those instances where it will serve a truly useful purpose.") Nonetheless, the Court will reopen this matter.

Respondents will be directed to serve a copy of the Answer and all exhibits thereto (ECF Nos. 11, 12) on Petitioner within five days of the date of this Order. Petitioner shall have until August 7, 2015 to supplement his motion for reconsideration with a brief containing the proposed traverse to the Answer. The Court will then determine whether to grant Petitioner's motion for reconsideration of this Court's Order denying the habeas petition.

IT IS, on the 22nd day of July, 2015,

---

(quoting Main Line Federal Savings and Loan Association v. Tri-Kell, 721 F.2d 904, 906 (3d Cir.1983) (quoting from Smith v. Pollin, 194 F.2d 349, 350 (D.C.Cir.1952)). At this time, it is premature for Petitioner to make a motion for the Third Circuit Court of Appeals to remand the case because this Court has not determined whether it will grant the motion for reconsideration. In other words, the Court has not determined whether it will vacate the June 17, 2015 Opinion and Order (ECF Nos. 14, 15.)

ORDERED that the Clerk shall reopen this matter for the purpose of addressing Petitioner's motion for reconsideration; and it is further

ORDERED that Respondents shall serve a copy of the Answer and all exhibits thereto (ECF Nos. 11, 12) on Petitioner within five days of the date of this Order; and it is further

ORDERED that Petitioner shall have until August 7, 2015, to file a supplemental brief to his motion for reconsideration, containing a proposed traverse to the Answer; and it is further

ORDERED that upon receipt of the Petitioner's supplemental brief to his motion for reconsideration, this Court will address Petitioner's motion for reconsideration (ECF No. 16.)

STANLEY R. CHESLER
United States District Judge